UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 8:21-cr-101-KKM-SPF

BRANDON WILLIAMS

## SENTENCING MEMORANDUM

The United States of America, by and through the undersigned Assistant United States Attorney, hereby files the following sentencing memorandum regarding the sentencing of defendant Brandon Williams.

## BACKGROUND

As set forth in the offense conduct portion of the PSR, Brandon Williams was charged in March 2021 with a scheme that attempted to defraud the United States government of in excess of $2 million through the filing of false and fraudulent tax returns in the names of hundreds of identity theft victims.

Williams was hired by an overseas conspirator, Allen Levinson, who recruited individuals like Williams to collect the proceeds of the tax fraud and send to Levinson, usually in Nigeria. In additional to McNeely, Williams, and Carr, Levinson recruited other individuals to help collect the fraud proceeds (the United States estimates that Levinson hired in excess of twenty people for this purpose, many of whom did not know one another).

Levinson used sophisticated cyber means to obtain the personal data used to file the returns. He also hired other foreign nationals—including individuals located in Vietnam—to prepare and file the returns quickly and in large batches. The returns were filed from real CPA firms across the United States, all of whom had been hacked.

To protect his income source and maintain his role in the conspiracy, Levinson did not share all of the details with his U.S. money mules—McNeely, Carr, and Williams—about where he obtained the data to file the returns, or how they were filed. Levinson shared with the U.S. money mules precisely the information they needed to complete their roles in the scheme, including when returns were filed, the accounts or cards to which the refund was directed (along with the personal details of the purported cardholders), and where to send the proceeds (after the money mules took their own cut). Levinson communicated directly with Williams about the returns and refunds for which he was responsible. The United States has no evidence or reason to believe that Williams was privy to communications and transactions between McNeely, Carr, and Levison, or between Levinson and many other conspirators with which he was not connected.

Importantly, the scheme described herein does not work without the participation of people like Williams. Levinson needs people in the United States (and specifically, U.S. bank accounts, addresses, and cards), willing to take part in a dubious enterprise for a few hundred bucks, for the scheme to work. Without U.S.-based participants, *the scheme fails*.

## MEMORANDUM OF LAW

The parties came up with a good faith estimate of the guidelines calculation that would apply to Williams, and included that estimate in the plea agreement. The estimate is also included in paragraph seven of his PSR. Probation identified an additional 2-level enhancement under USSG §2B1.1(b)(11)(B)(i) and, upon review of the enhancement and applicable case law, the United States has determined that the application of this enhancement is likely appropriate.

USSG §2B1.1(b)(11)(B)(i) provides that if the offense of conviction involved the "production or trafficking of any . . . unauthorized access device," the defendant is subject to an additional enhancement of two levels. Application note 10 provides that "'[p]roduction' includes manufacture, design, alteration, authentication, duplication, or assembly." An access device, which is defined at 18 U.S.C. § 1029(e)(1), includes a social security number (*United States v. Wright*, 862 F.3d 1265, 1275 (11th Cir. 2017)) and prepaid debit card (*United States v. Charles*, 757 F.3d 1222, 1227 (11th Cir. 2014)). As established in the PSR, the conspiracy involved using the personal information of certain third-party victims (including social security numbers) to file false and fraudulent tax returns, requesting refunds. The returns, at times, directed that the refunds be paid onto prepaid debit cards that were in the physical possession of the U.S. based conspirators, including Williams. Williams provided card numbers for newly-obtained prepaid debit cards to Levinson, who in turn either registered or caused the registration of the cards in the names of third-party victims. Later, after the refunds were generated, Levinson communicated with

Williams to tell him the names associated with the cards and the amount of refund that was anticipated to be deposited.

Although Williams did not personally register the access devices, the United States must only prove by a preponderance of the evidence that the defendant's relevant conduct included the production of an access device. *United States v. Pierre*, 825 F.3d 1183, 1197 (11th Cir. 2016). And the fact that the access device—here prepaid debit card—is actually produced by a commercial entity rather than one of the conspirators themselves. The registration of the device causes its production, which is precisely the type of conduct the enhancement is meant to cover. *See United States v. Taylor*, 818 F.3d 671, 678–79 (11th Cir. 2016).

Defense counsel also objects to the defendant not receiving an adjustment for minor role pursuant to USSG §3B1.2(b). The United States agrees with Probation that such an adjustment is not appropriate in this case. The proponent of the downward adjustment-here the defendant-always bears the burden of proving a mitigating role in the offense by a preponderance of the evidence. *United States v. Rodriguez De Varon*, 175 F.3d 930, 939 (11th Cir. 1999). In determining whether a particular defendant's role is minor, "the district court must assess whether the defendant is a minor or minimal participant *in relation to the relevant conduct attributed to the defendant* in calculating her base offense level." *Id.* at 941 (emphasis added).

Williams' argument for minor role relies heavily on the premise that his loss and involvement is less than Levinson, McNeely, and Carr. This is true, however, he is not held accountable for the entirety of their conduct in the calculation of his

4

guidelines. In other words, Williams gets credit for his limited role, as compared to Levinson, McNeely, and Carr, by his lower loss amount. In order to determine if he should have a minor role reduction, the court instead looks at his role within the confines of the loss attributable to him. While Williams was recruited by another individual into the scheme, the loss for which he is held accountable relates to his own conduct directly with Levinson, and not conduct by any other conspirator in the scheme (including his recruiter). Williams texted and emailed directly with Levinson after he became involved in the scheme, his loss is narrowly tailored, and within the scope of his relevant conduct, his role was not minor.

Based on the evidence in this case and the applicable provisions of the United States Sentencing Guidelines, the defendant is subject to the following Guidelines calculation:

| | | |
|---|---|---|
| 7 | Base Offense Level (USSG §2B1.1(a)(1)) |
| +16 | Loss between $1,500,000 and $3,500,000 (USSG §2B1.1(b)(1)(K)) |
| + 2 | 10 or more victims (USSG §2B1.1(b)(2)(A)(I)) |
| +2 | Substantial part outside of U.S. (USSG §2B1.1(b)(10)(B)) |
| +2 | Production or trafficking of an access device (USSG §2B1.1(b)(11)(B)(i)) |
| – 1 | 5K (based on motion filed by the United States) |
| – 3 | Acceptance of responsibility |

**TOTAL OFFENSE LEVEL: 25**

An offense level of 25, combined with a Criminal History Category of I, will result in a Guidelines offense level of 57 to 71 months' imprisonment.[1] Based on his early acceptance of responsibility, limited criminal history, and role, the United States anticipates requesting the defendant be sentenced at the low end of his Guidelines range.

The United States respectfully requests that this Court adopt the Guidelines calculation contained within the PSR and sentence the defendant to a sentence at the low end of the Guidelines range.

    Respectfully submitted,

    ROGER B. HANDBERG
    United States Attorney

    */s/Rachel K. Jones*
    Rachel K. Jones
    Assistant United States Attorney
    Florida Bar No. 0091492
    400 N. Tampa St., Ste. 3200
    Tampa, FL 33602-4798
    Telephone: (813) 274-6000
    Facsimile: (813) 274-6358
    Email: Rachel.Jones@usdoj.gov

---

[1] The United States notes that McNeely and Carr each received a 2-level downward variance based on factors under 18 U.S.C. § 3553 which may be similarly applicable here.

U.S. v. McNeely, et al.                    Case No. 8:21-cr-101-KKM-SPF

## CERTIFICATE OF SERVICE

I hereby certify that on June 16, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Adrian Burden
Matthew Mueller
Ron Marzullo

                                          */s/ Rachel K. Jones*
                                          Rachel K. Jones
                                          Assistant United States Attorney
                                          Florida Bar No. 0091492
                                          400 N. Tampa St., Ste. 3200
                                          Tampa, FL 33602-4798
                                          Telephone: (813) 274-6000
                                          Facsimile: (813) 274-6358
                                          E-mail: Rachel.Jones@usdoj.gov